## P. P. GRIFFIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

### Docket No. 11546.    Promulgated August 22, 1927.

1. Loss resulting from actual and *bona fide* sale of stock allowed.
2. Claimed loss on sale of stock disallowed for lack of evidence.
3. Interest paid for a corporation by an individual not allowed as a deduction to the individual.

*George W. Zeigler, Esq.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

This proceeding results from the determination by the respondent of deficiencies in income tax for the calendar years 1920 and 1921, in the amount of $7,989.10.   Two errors are assigned: (1) The respondent erred in his failure to allow losses sustained in the year 1920, resulting from the sale of stock; (2) respondent erred in his failure to allow a deduction for interest paid in the year 1921.

### FINDINGS OF FACT.

Petitioner resides at Lock Haven, Pa., where he is engaged in the lumber business.   Subsequent to March 1, 1913, he acquired 610 shares of the capital stock of the Bee Tree Lumber Co., a West Virginia corporation, paying cash therefor in the amount of $61,000. Between the date of acquiring the stock and the year 1920, the Bee Tree Lumber Co. was not prosperous and became involved financially.   Petitioner's attorney advised him to sell a part of his stock in the year 1920, in order that his books of account would not show as appearing thereon an asset of questionable value, and also that he might derive the benefit of the sale in being able to claim a deduction for the loss in his income-tax return for the year 1920.   Petitioner sold the 610 shares of stock of the Bee Tree Lumber Co. to his brother and secretary in the month of November, 1920, for the sum of $6,100.   No agreement or understanding existed between petitioner and the purchasers of the stock, concerning the repurchase of

the same.  Checks in payment of the stock in amounts of $6,100 were received by petitioner in the year 1920.  During the year 1921 petitioner repurchased the stock.

Petitioner acquired, prior to 1920, shares of stock in the Basic Refractories Co. located at Natural Bridge, N. Y.  He owned, in the year 1920, between 68 and 78 shares of the par value of $100 per share, and in the year 1920 or 1921, sold the same, either to his brother or secretary, for $10 per share.

During the year 1920 and 1921, the Bee Tree Lumber Co. was in need of additional funds with which to carry on its business, and petitioner agreed to endorse the promissory notes of the corporation to enable it to secure the desired funds.  In either the year 1920 or 1921, petitioner paid interest due on the promissory notes of the corporation, in the amount of $6,278.44.

#### OPINION.

MILLIKEN : The respondent disallowed the losses claimed to have resulted from the sale of the stock of the Bee Tree Lumber Co. and the Basic Refractories Co., for the reason that he did not consider the sales to be actual and bona fide.  Petitioner testified that he made an actual sale of his shares of stock in the Bee Tree Lumber Co. to his brother and secretary, in the year 1920, that title to the stock passed to the purchasers, and payment was received from them in the year 1920 for the stock so sold.  He also testified that no understanding or agreement existed between the seller and the buyer concerning the repurchase of the stock.  On the evidence presented, the sale of the stock of the Bee Tree Lumber Co. was an actual and a bona fide sale, and petitioner is entitled to the loss claimed for the year 1920.  We are unable, from the evidence, to determine the cost, date of sale, or amount of stock sold, relative to the loss claimed to have resulted from the sale of the capital stock of the Basic Refractories Co., and accordingly, the determination of the respondent is approved.

The petitioner seeks to take a deduction of the interest which he paid for the Bee Tree Lumber Co.  We are unable to determine, from the evidence, the year of payment, but in any event the deduction claimed merely represents the obligation of the corporation, which petitioner paid for it and against whom he had the right to look for repayment.  The respondent did not err in his failure to allow the interest deduction claimed.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by MARQUETTE, PHILLIPS, and VAN FOSSAN.